UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re:  Winifred E. Gaddy | ) | Case 16-25958 |
| | ) | Chapter 13 |
| Debtor(s) | ) | Judge David D. Cleary |

### *Notice Of Filing/ Certificate Of Service*

*Jason Blust LLC*           *Winifred E. Gaddy*
*Via ECF*                   *10230 S. Rhodes Ave.*
                            *Chicago, IL. 60628*

Please take notice that on April 23, 2020, the attached objection to motion for hardship discharge was filed with the court.

I certify under penalty of perjury that I mailed a copy of this notice to the above listed persons by first class US mail, postage prepaid, or as otherwise listed on or before April 24, 2020.

/s/Yanick Polycarpe
for Marilyn O Marshall, Trustee

Office of the Chapter 13 Trustee
Marilyn O Marshall
224 South Michigan Ave., Suite 800
Chicago, Illinois 60604
312-431-1300

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: Winifred E. Gaddy | ) | Case 16-25958 |
| | ) | Chapter 13 |
| Debtor(s) | ) | Judge David D. Cleary |

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR HARDSHIP DISCHARGE**

Comes now Marilyn O. Marshall, standing trustee, by and through her attorney, Yanick Polycarpe, and hereby objects to debtor's motion for Hardship Discharge, responding as follows:

**Background**

The debtor, Winifred E. Gaddy (hereinafter debtor) filed a motion for hardship discharge March 2, 2020, which was set to be heard March16, 2020. The motion is set for continued hearing April 20, 2020.  The Clerk of the Court issued a notice fixing the deadline to object to discharge as April 24, 2020.  This objection is timely as it was filed prior to the set objection deadline.

Debtor originally filed for relief under Chapter 13 of the bankruptcy code August 12, 2016 by filing a petition, schedules and Model Chapter 13 plan.  Debtor scheduled one secured creditor, Capital One Auto Finance, which held a lien on a 2012 Nissan Altima.  On schedules E/F, debtor listed a total of $5031.34 in unsecured non-priority debt.  On schedule I, debtor states employment as clerk with the U.S. Postal Service with net wages of $2194, after deducting for taxes, Medicare, social security and union dues. Debtor also scheduled family contributions of $250 for month.  Debtor scheduled a household size of 3, total household expenses of $2214 per month, leaving $230 available to fund a chapter 13 plan.

      The Chapter 13 plan, confirmed October 5, 2016, calls for plan payments of $270 per month for 60 months with general unsecured creditors to receive not less than 7% of their filed, allowed unsecured claims. The plan also called for payments to Capital One Auto Finance as a secured creditor. The order confirming plan calls for the debtor to tender tax returns by April 20th of each year and the full amount of any tax refund received while the case is pending. On August 15, 2017, debtor filed a motion to modify plan indicating that, in lieu of turning over her tax refunds in the amount of $2440.41, debtor sought to increase plan payments to $500 per month and increase the dividend to unsecured creditors to 100%.

      Filed, allowed general unsecured claims total $11,964.30. As of March 12, 2020, the trustee has disbursed $4000 in attorney fees, $10,502.19 to secured creditor Capital One Auto Finance, leaving a principal balance owed of $0, and $1538.86 disbursed to general unsecured creditors paying 12.86% of general unsecured claims.

      Debtor has had two prior bankruptcy filings. Debtor had a prior Chapter 13 filed June 24, 2015 and dismissed. Debtor also had a prior Chapter 7 filed June 28, 2012 and discharged October 29, 2012.

      In the motion for Hardship Discharge, debtor states that, due to her health condition, the debtor has not worked since November of 2019 and she cannot return to work. The motion also indicates that the debtor is receiving $1300 from her ex-husband and food assitance while awaiting disability and social security benefits. (See motion paragraphs 8). At the initial hearing, trustee raised an objection to the request for hardship discharge due to the temporary nature of the debtors financial situation pending benefits, either through the U.S. Postal Service as her employer, potential union benefits, or

government support. Also, a request was made for the debtor to tender tax returns for 2017, 2018 and 2019.  The request for additional information was made March 12, 2020, and to date, no additional documentation has been tendered.

### Standard of review

11 U.S.C. §1328(b) permits discharge prior to completion of a Chapter 13 plan term, at any time after confirmation, if three conditions are met: (1) the debtor's failure to complete payments under the plan is due to circumstances "for which the debtor should not justly be held accountable"; (2) the debtor has satisfied the best-interests-of-creditors test by distributions under the plan to unsecured claim holders with a present value of not less than what unsecured claim holders would have been paid in a liquidation under Chapter 7; and (3) modification of the plan under § 1329 "is not practicable." *In re Nelson,* 135 B.R. 304, 307 (Bankr. N.D. Ill. 1991). It is the debtor's burden to come forward with proof that all three elements are met. *Id.*

### Argument

Debtor's motion and subsequent affidavit fail to allege circumstances that warrant a hardship discharge at this time.  Debtor had not provided documentation to substantiate the sufficiency of disbursements to unsecured creditors. Debtor's motion also fails to explain why modification is not practical, and as such fails to meet the burden under the third element of hardship discharge.  As such, the request should be denied.

**Debtor has not established that property of the estate has been distributed to creditors**

The debtor's motion for hardship discharge fails to establish whether all property of the estate has been disbursed to creditors. Debtor has failed to establish either that she received no tax refunds or that the creditors have received equivalent value.

The modification of the plan, as approved by this court, offers 100% payment to creditors in lieu of tendering tax refunds.  At the time, $2440.41 of the 2016 tax refund was due to the plan as additional payments which would have increased the dividend to unsecured creditors from 7% to approximately 24%.  No documentation has been provided with respect to tax years 2017, 2018 and 2019.  It is unknown whether debtor received tax refunds, or is expecting a refund in the near future.

The debtor has neither paid the tax refunds to the plan for the benefit of creditors or  provided documentation that she did not receive refunds, the discharge should be denied.

**Debtor's motion fails to establish that modification is not practicable**

Debtor fails to meet the third prong requirement of 1328(b)(3), that modification is not practical.  The motion and supporting affidavit fail to establish that the current income situation is expected to exist for the foreseeable future.  Failure of any one prong is fatal to a request for hardship discharge. *In re Bandilli*, 231 B.R. at 839(noting that the Debtors' failure to satisfy a single element of 1328(b) is "sufficient to support the denial of the hardship discharge").

 Debtor has failed to offer any basis or evidence that modification of the plan would be impractical once she begins receiving benefits via her employer, union, and/or

social security.  Debtor has many possibilities for modification if the request is brought in good faith and satisfies the best interest test as required by 1329, including deferral of default or reduction of plan payments. The debtor is in the 44th month of her plan with 16 months until reaching the 60-month limitation. The Trustee has received funds from the debtor since the estimated date debtor ceased employment in November 2019.  See attached financial summary. Based upon the fact that money is received, it is unclear whether debtor currently has income available.

Debtor has also failed to show the impracticality of plan modification, with reasonable living expenses, to allow both ongoing living expenses and plan payments, once her financial situation has stabilized.  It is unclear whether the expected income will exceed the $1300 currently contributed by debtor's ex-spouse. With this income, there is possibly the ability to make a reduced payment. Therefore the motion does not establish that modification of the plan is not possible.

The court need not consider at this time whether a modified plan could be allowed, but whether modification of the plan is capable of being done or is feasible. Because the debtor has failed to establish that modification is not practical, the request for hardship discharge should be denied.

**Debtor's motion fails to justify the extreme remedy of a hardship discharge**

It is within the Court's discretion to grant or deny a request for hardship discharge.   The analysis under 1328 is fact driven "with the emphasis properly focused on the nature and quality of the intervening event or events upon which the debtor relies." *In re Bandilli,* 231 B.R. 836, 840 (B.A.P. 1st Cir. 1999).  Bankruptcy Courts should reserve hardship discharge "for circumstances exceeding the normal or ordinary range of

mishaps that befall Chapter 13 debtors." Keith M. Lundin, Lundin of Chapter 13, §160.3, at ¶2. Courts have noted the need to be "mindful that a request for [a] discharge under § 1328(b) merits special vigilance and cautioned that a court facing such a request should treat [it] as a matter of some gravity." *In re Quintyne, 610 B.R. at 468 citing In re Bandilli*, 231 B.R. at 840(cautioning that the "granting [of] unjustified requests [could] likely discourage ... debtors to meet their plan obligations"); *see also In re Easley*, 240 B.R. 563, 565 (Bankr. W.D. Mo. 1999) (noting that even courts who reject a catastrophic circumstances requirement "agree that a request for a hardship discharge is to be treated with some gravity and that the loss of employment alone is insufficient").

Chapter 13 is wholly voluntary. When an individual files for bankruptcy relief, there is presumptively some manner of financial hardship to be addressed either through a plan of reorganization or a Chapter 7. Ultimately, when a debtor cannot maintain plan payments the case is dismissed absent any special circumstance warranting hardship. In the instant case, the debtor's motion has failed to meet the burden to establish the three prongs necessary for hardship discharge.

**Conclusion**

Chapter 13 plans often default in plan payments for one reason or another. If a debtor is unable to continue payments, the debtor has the option of dismissal, conversion, modification, or under rare circumstances, a hardship discharge. Debtor's motion fails to meet the standard for hardship discharge.

/s/Yanick Polycarpe
for Marilyn O Marshall, Trustee