# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: Winifred Gaddy** ) | |
| ) | **Case No: 16 B 25958** |
| ) | **Judge:   Cleary** |
| ) | **Chapter   13** |
| **Debtor** ) | |

### NOTICE OF FILING/CERTIFICATE OF SERVICE

Marilyn O. Marshall
224 S. Michigan Ave., Ste. 800                                                 via ECF
Chicago, IL 60604

**and served upon the following parties via U.S. Mail:**
Debtor: Winifred Gaddy, 10230 S. Rhodes Ave, Chicago, IL 60628

### PROOF OF SERVICE

I, The undersigned, an attorney, hereby certify that a copy of this notice was served electronically or mailed to the above persons, at her respective addresses, postage prepaid, by depositing in the U.S. Mail at 211 W. Wacker Dr., Chicago, IL 60606, before May 15, 2020.

                                                    _____/s/ Angelica Harb_____

Angelica Harb
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: Winifred Gaddy** ) | |
| ) | **Case No:** 16 B 25958 |
| ) | **Judge:** Cleary |
| ) | **Chapter** 13 |
| **Debtor** ) | |

### DEBTOR'S REPLY TO TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR HARDSHIP DISCHARGE

Pursuant to 11 USC §1328(b), the Court may grant a discharge to a debtor that has not completed payments under the plan only if:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable; (2) The value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7; and (3) modification of the plan is not practicable.

The Debtor has demonstrated that she has met all three prongs of the test and the Court should exercise its discretion to grant a hardship discharge under 11 USC 1328(b).

**Debtor Cannot Be Held Accountable For Failure To Complete The Payments Due To Her Extreme Medical Condition.**

The debtor's failure to complete plan payments is due to circumstances for which the debtor should not justly be held accountable. The Debtor was diagnosed with a brain tumor in September 2019. Since the diagnosis, the Debtor has undergone multiple brain surgeries and continues to receive radiation treatments. The Debtor was forced to

discontinue working in November 2019 because her medical condition prevented her from meeting the minimum duties of her job.

Debtor's physician informed her that the tumor has caused significant neurological deficits. Additionally, the Debtor lost her vision due to the brain tumor and is legally blind. Debtor cannot be held accountable for developing a brain tumor through no fault of her own.

Prior to the diagnosis, debtor was on payroll control and faithfully paid into her plan each month for the first 40 months of her case. The debtor was on track to pay unsecured creditors 100% of their claims prior to her diagnosis. Her brain tumor severely handicapped any ability the Debtor may have to return to work, and it is unlikely she will ever be physically able to work again. Debtor's physician wrote a note that this disability is likely permanent. Please see exhibit A.

### Chapter 7 Liquidation Test For Unsecured Creditors Has Been Satisfied

The second condition for hardship discharge eligibility, that the value as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7, has been satisfied.

On October 5, 2016 this Court confirmed Debtor's plan dated September 30, 2016. Had Debtor's assets been liquidated on September 30, 2016, based on the filed schedules for which this Court may take judicial notice, there would have been no funds available for distribution to unsecured creditors. As of the filing of this brief, unsecured creditors have already received a distribution of 14% of their allowed claims.

The Trustee's argument that Debtor's failure to tender tax refunds as additional plan payments for tax years 2016, 2017, 2018, and 2019 renders her ineligible for hardship discharge is mistaken: the Bankruptcy Code requires only that the chapter 7 liquidation test as of the effective date of the plan be met, not that all disposable income or property of the estate acquired post-petition be contributed. Adopting the Trustee's position would effectively prevent any Debtor who receives tax refunds from receiving a hardship discharge.

## Modification Of The Plan Is Not Practicable

Eligibility for a hardship discharge mandates that modification of the plan must not be practicable. The Debtor currently receives no income from any independently derived source including employment or government cash benefits. She receives $1300.00 per month from her ex-husband due to his humanitarian desire to satisfy her minimum monthly household expenses. His contributions will continue only until the Debtor is able to generate enough income to replace his contribution. The Debtor has applied for Social Security Disability benefits, but has not yet received a response concerning approval, denial, or an expected benefit payment amount. The Social Security Administration notified the debtor that applications may take 6 months to process. Presently she has no disposable income to contribute to her plan, and she has no reasonable expectation of when government benefits may begin and how much she will receive.

Debtor is in the 45th month of her case. The case is not feasible to complete within 60 months without modifying the plan to increase her payments to $733.00 per month. The debtor cannot modify the case as her schedules reflect that her monthly disposable income is negative.

The Trustee's response indicates that the Debtor made partial payments after she discontinued working, implying that she has disposable income to continue making plan payments. Since Debtor was forced to stop working in November 2019 the Trustee received payments of $461.54 in February 2020 and $141.80 on April 9, 2020. These payments do not reflect regular and reliable income affording the Debtor disposable income to support modification of her plan but are due to an annual payout and unused sick days the Debtor was entitled to receive as a result of leaving her employer. The debtor is no longer employed with USPS, and she will not receive further payouts from her employer. The Debtor's only hope for income for the remaining 15 months of this case would be Social Security Disability benefits. The longer it takes for the Social Security Administration to approve the Debtor for benefits leaves less room for the debtor to feasibly modify her plan to complete within 60 months without drastically increasing her payment higher than the $733.00 per month payment necessary if the plan was modified today. The Debtor has not been given a specified amount that she will be receiving for disability if approved. It is extremely unlikely that Social Security Disability benefits will cover her minimum household expenses let alone an additional Trustee payment exceeding $733.00 per month. Modification of the plan is not practicable.

**Proper Exercise Of The Court's Discretion To Grant Hardship Discharge**

The Trustee rightly points out that the Court has discretion to grant a hardship discharge even if all three elements specified in Section 1328(b) exist. Requests for hardship discharge should undergo close examination to avoid spurious and abusive requests for undeserving and ineligible debtors. Here, the Debtor has established herself as a deserving and eligible debtor. She was diagnosed with a brain tumor, lost her job,

has not been approved for any benefits, lives off the generosity of her ex-husband, and will likely endure significant medical difficulties for the remainder of her life. She has no expectation of acquiring the financial means to afford a plan payment. Granting of a hardship discharge is appropriate in light of all the facts.

Respectfully submitted,

\_\_\_\_\_/s/ Angelica Harb
Angelica Harb
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001